J-S73012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
KELAYDA B. JONES :
:
Appellant : No. 310 WDA 2018

Appeal from the Judgment of Sentence January 17, 2018
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001866-2017

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED JANUARY 03, 2019**

Appellant, Kelayda B. Jones, appeals from the judgment of sentence entered in the Erie County Court of Common Pleas, following his guilty plea to one count of aggravated assault.[1] We affirm.

The relevant facts and procedural history of this case are as follows. On May 18, 2017, Appellant entered his estranged wife's home through a first-floor window, despite her active Protection From Abuse ("PFA") order against Appellant. Once in the home, Appellant discovered his wife in bed with another man. Appellant grabbed a pair of scissors and attacked the man, stabbing him in the hand, back, and arm. Appellant also bit the man on the back and arm. The victim wrestled Appellant to the ground and held him down

_____

[1] 18 Pa.C.S.A. § 2702(a)(4).

until police arrived.

On November 15, 2017, Appellant pled guilty to one count of aggravated assault. On January 17, 2018, the court sentenced Appellant to fourteen (14) to one hundred twenty (120) months in SCI, with credit for time served. Appellant filed a motion for sentence reconsideration on January 22, 2018, which the court denied on January 31, 2018. Appellant timely filed a notice of appeal on March 1, 2018. On March 2, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on March 20, 2018.

Appellant raises one issue for our review:

> WAS THE SENTENCE IN THIS CASE MANIFESTLY EXCESSIVE AND CLEARLY UNREASONABLE, AS IT WAS NOT INDIVIDUALIZED AS REQUIRED BY LAW, ESPECIALLY IN THAT THE SENTENCE DID NOT PROPERLY TAKE INTO ACCOUNT THE SEVERAL MITIGATING FACTORS PRESENT, AND THE MAXIMUM PERIOD WAS UNREASONABLE AS WELL?

(Appellant's Brief at 1).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. **Commonwealth v. Sierra**, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether

there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. *Commonwealth v. Mann*, 820 A.2d 788 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005). Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The record as a whole must reflect the sentencing

- 3 -

court's consideration of the facts of the case and the defendant's character. ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Commonwealth v. Griffin,*** 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005).

Instantly, Appellant preserved his claim in his post-sentence motion and in his Rule 2119(f) statement. Nevertheless, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable John Garhart, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (***See*** Trial Court Opinion, filed April 3, 2018, at 2-5) (finding: court considered all relevant sentencing factors when imposing sentence and tailored sentence to meet Appellant's individual needs; court set forth its reasons for sentence on record; any lesser sentence would have depreciated nature of offense; sentence was in standard guidelines range, did not exceed statutory limits, and was not manifestly excessive). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/3/2019</u>

COMMONWEALTH OF PENNSYLVANIA,  : IN THE COURT OF COMMON PLEAS
                 Appellee,  : OF ERIE COUNTY, PENNSYLVANIA
                 : CRIMINAL DIVISION
          V.  :

KELAYDA JONES,  :
               Appellant  : No. 1866-2017

## 1925(a) OPINION

Garhart, J., April 3____, 2018

Appellant, Kelayda Jones, appeals from the judgment of sentence entered on January 17, 2018, after entry of a plea of guilty to one count of aggravated assault.[1] Based on the following, this Court respectfully requests his sentence be affirmed.

## I.    BACKGROUND OF THE CASE

On May 18, 2017, Appellant entered his estranged wife's home, through a first floor window. Appellant's wife had an active Protection from Abuse Order against him at the time. Appellant apparently found his wife, "in flagrante delicto" with another man, Joe Weislak (Weislak). Appellant grabbed a pair of scissors and stabbed Weislak in his hand, back and arm. Appellant also bit Weislak on the arm and back. Weislak had to wrestle Appellant to the ground and held him down until police arrived.

Appellant was charged with one count of Aggravated Assault to which he pled guilty on November 15, 2017. He was sentenced on January 17, 2018 to a term of state incarceration of 14 months to 120 months. Appellant received credit for 192 days of time served.

On March 1, 2018, Appellant filed a timely Notice of Appeal. This Court issued a 1925(b) Order on March 2, 2018. On March 20, 2018, Appellant filed a Statement of Matters Complained of on Appeal and raises the following issues on appeal:

---
[1] 18 Pa.C.S.A. §2702 (a)(4).

1

1. Though the sentence imposed was in the standard range of the sentencing guidelines, it still constituted a sentence of state imprisonment when the Court had the option under the guidelines of a county level sentence. Furthermore it is averred that the Court did not sufficiently consider several mitigating factors that were presented to the Court at the time of sentencing prior to said imposition of sentence, as follows:

   a. The [Appellant]...had for nearly all of his adult life been a law abiding citizen with no prior history of violent behavior;
   b. The fact that [Appellant] took responsibility for his actions and entered a plea in this matter...;
   c. The [Appellant] had apparently during the course of the incident, become upset when he found his wife *in flagrante delicto* with the victim when he had gone to his home (though he was prohibited from doing so by a PFA) to speak with his wife, who had been conversing with him previously;
   d. The Court also failed to seriously consider the [Appellant's] heartfelt remorse...
   e. The Court failed to adequately consider the victim impact statement...which showed the incident had virtually no impact on the victim;
   f. The Court failed to consider the fact that [Appellant] did not go to the residence with the intent to harm anyone, but in this moment of extreme emotion rashly grabbed scissors that were available in the room and cut the individual;
   g. Further, though the charge was aggravated assault as it involved a weapon, the injuries to the victim...constituted bodily injury, not serious bodily injury...
   h. ...[Appellant] had already been incarcerated for a substantial period of time [between time of arrest and time of sentencing] and had completed anger management...
   i. ...the maximum...of 120 months...was unduly harsh.

2. Under the circumstances, it would have been appropriate for the sentence imposed to have been...11.5 to 23 months, followed by 3 years' probation.

Appellant's Rule 1925(b) Statement, 3/20/18, at ¶¶1-3.

## II.   DISCUSSION

Essentially, Appellant makes three basic claims on appeal: (1) the trial court imposed a state versus a county sentence, (2) the trial court failed to sufficiently consider Appellant's mitigating factors, and (3) the trial court should have imposed a particular sentence. We begin by noting that sentencing is vested in the sound discretion of the judge. A sentence will not be disturbed on appeal unless there is a "manifest abuse of discretion." *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*).

2

[A]n abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Id.* (internal quotations and citations omitted). Where the sentencing court has the benefit of a pre-sentence report, the law presumes that the court was aware of the relevant information regarding the appellant's character and weighed those considerations along with the mitigating statutory factors delineated in the Sentencing Code. *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa.Super. 1995)(quotation and citations omitted). Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. *Id.*

Furthermore, there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Mouzon*, 812 A.2d 617, 621 (Pa. 2002). Rather, allowance of appeal will be permitted only when the appellate court determines that there is a substantial question that the sentence is not appropriate under the Sentencing Code. *Id.* The determination of what constitutes a substantial question is made on a case-by-case basis. *Commonwealth v. McNabb*, 819 A.2d 54 (Pa.Super.2003). A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. *Id.* at 56.

The Pennsylvania Superior court has repeatedly held that "a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013). Given that Appellant was given a standard range sentence, we can discern no reason why Appellant's claim of an excessive sentence due to inadequate consideration of mitigating factors raises a substantial question.

3

Here, this Court considered the following at time of sentencing: (1) Pennsylvania Sentencing Code and accompanying factors; (2) the pre-sentence investigative report; (3) Petitioner's medical issues, age, and background, rehabilitative needs; (4) factual background of the case; (5) the statement of the defendant, and (6) argument by counsel. N.T. Sentencing, 02/25/16, at 5-21. Appellant was sentenced within the standard range of the sentencing guidelines. The Court detailed it's consideration as follows:

> **THE COURT**: All right. The record will reflect I've considered the Pennsylvania Sentencing Code. I've looked at the presentence report, looked at the guidelines, listened to the statement of defense counsel, the defendant, the attorney for the Commonwealth. I looked at the defendant's age, background, character, rehabilitative needs, about which there's some substantial uncertainty.
> I've looked at the nature and circumstances, and the seriousness of the offense, about which there is little uncertainty, and the protection fo the community, and here, respectfully, the protection of this woman and her life. So I'm going to do the following:
> The major count of conviction is at 1866 of 2017. I have a defendant who is 32?
>
> **THE DEFENDANT**: Thirty-three.
>
> **THE COURT**: Thirty-three now?
>
> **THE DEFENDANT**: Yes.
>
> **THE COURT**: A young man, but certainly not a youth anymore. He committed an act of violence here on May 18. 2017, and pled to aggravated assault with a deadly weapon, when he went to a home he was forbidden to go to, and stabbed another human being with a pair of scissors. There are two victims in this case aside from the community, first, the person he stabbed, and secondly, the woman that he had previously been involved with...
> ...[S]tabbing her boyfriend was an act of aggression and violence on her, a woman you had previously beat back in April. So although the flesh wounds were inflicted on the boyfriend, the terror that's demonstrated, the non-verbal statement that's made is a statement to her, leave me and I'll kill you, perhaps something similar...
> The question is whether I'm going to leave you in the county jail or not.. It's a close case, but I'm going to do it. The stabbing of another human being the way it was done in violation of a PFA order, breaks the boundary of a county sentence, and it comes on the heels of him having beat the victim that prior April, and that then forms my feelings about this case. So I'm going to impose a

4

sentence at the top end of the standard range at Count 1 of 2017, near the top end, of 14 months to 120 months in the state institution.

N.T., Sentencing, 1/17/2018, pp.18-20.

Despite Appellant's argument to the contrary, the Court considered all relevant factors when imposing sentence. The sentence was tailored to Appellant's individual needs and the reasons for the sentence imposed were clearly set forth on the record. Any lesser sentence would have depreciated the nature of the offense. Because Appellant's sentence was within the statutory limits and not manifestly excessive, there was no sentencing error.

## III.    CONCLUSION

Based on the above, this Court respectfully requests that Appellant's judgment of sentence be affirmed. The Clerk of Court is hereby directed to submit the record to the Pennsylvania Superior Court for its review.

BY THE COURT:

_____J.
John Garhart, Judge

cc:    District Attorney's Office
       James Pitonyak, Esq.

5